BRUNSWICK-BALKE-COLLENDER Co. *v.* BRUNSWICK.

*(Circuit Court, N. D. California.    August 5, 1889.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—BILLIARD TABLES.
    Letters patent No. 203,108, for billiard tables, is not infringed by the manufacture of tables under letters patent No. 119,262, since the tables described in the two patents are not only materially different, but also operate differently.

In Equity.    On petition for rehearing.
*Philip G. Galpin,* for complainants.
*John L. Boone,* for defendant.

SAWYER, J.    Upon a careful examination of patent No. 119,262, issued to defendant, Brunswick, and patent No. 203,108, issued to Boyle, and held by complainants, and sued on in this case, I am satisfied that the manufacture of tables under the former would constitute no infringement of the latter.    The construction of the two tables is not only materially different, but they operate differently; and the claim of the combinations found in the latter patent are limited by the description of the construction given in the specifications, and the purpose stated, and the language used in the conclusion of the claim referring to the arrangement and operation, viz.., "the whole arranged to operate as specified for the purposes set forth."    The disclaimer also, I think, reaches the case. The claimant says, in terms, after mentioning the elements of the combination, as contained in former tables, "I do not wish to be understood as claiming such construction broadly," that is, the combination claimed in the broadest sense.    He, evidently, limits his claim to his peculiar construction and operation.    In rendering the former decisions the patent No. 203,108 was discussed with reference only to patent No. 321,-004, involved in the case.    No. 119,262, not being before the court, no reference was made to it in the decision.    As the latter patent is in no way affected by the decision, there is no occasion for a rehearing for its protection.    Let a rehearing be denied.